RECEIVED
IN MONROE, LA

MAR 0 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr. No. 04-30058** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MOISES CARRALERO** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

On January 3, 2006, a sentencing hearing was set in the above-referenced matter. However, on that date, Defendant Moises Carrolero orally moved to withdraw his guilty plea. *See* [Doc. No. 72]. The Court continued the sentencing hearing and ordered Defendant to file a brief within ten (10) days of the date the transcripts of Defendant's guilty plea hearing and the January 3, 2006 hearing were filed into the record.

On February 12, 2006, Defendant's counsel filed an *Anders* brief, explaining that there are no non-frivolous reasons for the Court to allow his client to withdraw his guilty plea. [Doc. No. 73]. On February 21, 2006, the Government filed a memorandum in response. [Doc. No. 75].

The Court has considered the entire record in this matter, including Defendant's guilty plea hearing and the arguments presented at the February 10, 2006 hearing. Defendant's oral motion to withdraw his guilty plea is DENIED.

A defendant does not have an absolute right to withdraw his guilty plea, but the Court has the discretion to permit withdrawal before sentencing if the defendant can show a "fair and just reason." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *see also* Fed. R.

Crim. P. 11(d)(2)(B). The defendant bears the burden of establishing this fair and just reason. *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).

The Fifth Circuit has instructed the Court to consider seven factors: whether (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The Court must determine whether to exercise its discretion and permit withdrawal based on the totality of the circumstances. *Brewster*, 137 F.3d at 858.

In support of his motion, Defendant argues that he is innocent and that his plea was not made freely, knowingly, and with full understanding.[1] Specifically, Defendant contends that he pled guilty because (1) he did not believe he would receive a fair trial after potential jurors had seen him in restraints as he entered the courthouse and (2) he was told that he was facing a **maximum** sentence of ten years in prison and would likely receive less.

In response, the Government argues that Defendant has no legal basis for withdrawing his guilty plea. Defendant agreed to plead guilty prior to the individual questioning of potential jurors. Therefore, the Court and the parties were not able to explore any possible taint to the jury venire, and this unexplored possibility is not a proper basis for setting aside Defendant's guilty plea. Further, with regard to Defendant's potential sentence,

---

[1]Although Defendant's counsel has filed an *Anders* brief, the Court has also considered the arguments advanced by Defendant at the February 10, 2006 hearing.

Government's counsel admits that he, Defendant's attorney, and the Deputy Marshal all met with Defendant prior to his guilty plea. The Government's counsel contends that Defendant was told that he would probably receive a 10-year sentence, but that there was no promise that he would receive any particular sentence. The Government further points out that the Court properly advised Defendant during the plea colloquy of the potential penalties, and Defendant agreed that he understood and acknowledged his waiver of rights by pleading guilty.

The Court declines to exercise its discretion to allow withdrawal of Defendant's guilty plea. Defendant was indicted on December 15, 2004, more than one year ago, on two counts: conspiracy to possess with the intent to distribute 100 grams or more of heroin and possession with intent to distribute heroin. On March 28, 2005, a guilty plea hearing was set in this case, but Defendant's counsel indicated that Defendant was not prepared to plead guilty at that time. Accordingly, a trial date of August 16, 2005, was set. On Defendant's motion, that trial was continued to October 4, 2005.

On October 4, 2005, the jury trial in this matter was set to proceed. Prior to opening court, the Court learned that some of the potential jurors might have seen Defendant in restraints. Based on this information, the Court asked the parties if they had any objection to proceeding with the voir dire examination and addressing this concern through questioning. The parties agreed to do so. Prior to the close of the general voir dire, the Court asked the potential jurors the following question:

> Ladies and gentlemen, this will be another of those questions just to answer yes or no about and not discuss it in open court if you would, but have any of you–Mr. Carralero is the defendant in this matter. As you know, he's the gentleman seated to my left in the gray shirt. [Mr. Carralero stands.] . . . Have any of you—before you came into the courtroom, have any of you seen Mr.

Carralero before, anytime before he was brought into the courtroom today?

[Transcript of October 4, 2005 trial, p. 40]. Potential jurors Wadkins, Smith, and Ezell all raised their hands to indicate that they had seen Defendant previously. [Transcript of October 4, 2005 trial, p. 40]. At a sidebar conference with the attorneys, the Court excused Ms. Ezell for other reasons, and stated that, following a break, the attorneys would be permitted to question some of the jurors in private, including Ms. Wadkins and Ms. Smith. [Transcript of October 4, 2005 trial, pp. 41, 43].

During the break, however, the Court was notified that Defendant wished to plead guilty to Count 1 of the Indictment. During the plea colloquy, Defendant's attorney, Robert Noel, stated to Defendant that the "maximum penalties are a range of not less than ten years, no more than life." [Transcript of October 4, 2005 trial, p. 47]. Mr. Noel explained that by pleading guilty, Defendant gave up the right to subpoena and examine witnesses, including Defendant's co-defendant, Oscar Benavides, who had been expected to testify at trial. He stated that if Defendant's "cooperation is substantial, to be determined by the United State's attorney's Office, you may, it is a possibility to get help at sentencing." [Transcript of October 4, 2005 trial, p. 49].

The Court also informed Defendant that the "maximum possible penalty for Count 1 is a term of imprisonment of not less than 10 years nor more than life." [Transcript of October 4, 2005 trial, p. 58]. Defendant was asked if he understood "the maximum possible penalties for the offense?" [Transcript of October 4, 2005 trial, p. 58]. Defendant answered "yes." [Transcript of October 4, 2005 trial, p. 58]. Defendant agreed that there were no other

4

promises other than those contained in the plea agreement which induced Defendant to plead guilty. [Transcript of October 4, 2005 trial, p. 60]. The Court also explained that "if the sentence is more severe than [Defendant] expected, he would "still be bound by [his] plea and will have no right to withdraw it." [Transcript of October 4, 2005 trial, p. 62]. Finally, during the plea colloquy, Defendant said that he did not recall making any admission to law enforcement officials, but stated: "I plead guilty. I'm a guilty person." [Transcript of October 4, 2005 Trial, p. 65].

Applying the *Carr* factors and under the totality of the circumstances, the Court concludes that Defendant has not met his burden of producing a fair and just reason for the withdrawal of his guilty plea. Although there appears to be no great prejudice to the Government, the other *Carr* factors mitigate against allowing Defendant to withdraw his guilty plea. Defendant's motion was not made until the date of his sentencing more than one year after his Indictment and well after his guilty plea hearing and the completion of his presentence investigation report. During all stages of these proceedings, Defendant had close assistance of counsel available. From the colloquy and the record in this case, Defendant's original plea was knowing and voluntary. He knew he could refuse to go through with his guilty plea because he had done so in the past. Further, he questioned the portion of the testimony by Agent Vic Zordan that he admitted his involvement in the conspiracy. Defendant's statements that he did not recall making any admission to Agent Zordean are part of the record of the guilty plea hearing. While Defendant now asserts his innocence, he was quite clear at the guilty plea hearing that he did not recall making an admission to Agent Zordan, but that he admits that he is a "guilty person." If the Court permitted Defendant to withdraw his guilty

5

plea now, it would be a waste of judicial resources.

Accordingly, Defendant's oral motion to withdraw his guilty plea is DENIED.

Monroe, Louisiana, this _____ 28 _____ day of _____ February _____, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE